UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 07-60232-CIV  COOKE/BROWN

MAINSTREET ONE FINANCIAL PLAZA
LTD., a Florida Limited Partnership,

    *Plaintiff*,

v.

AXIS SURPLUS INSURANCE COMPANY,
a Delaware corporation,

    *Defendant*.
_____/

## OMNIBUS ORDER ON MOTION TO DISMISS AND RELATED MOTIONS

**THIS CAUSE** is before the court upon the Defendant's Motion to Dismiss Counts I and III [DE 4] of the pending Complaint. Also related to this Motion are: (1) the Plaintiff's Cross-Motion for Summary Adjudication of the Appraisal Issue [DE 13], (2) the Plaintiff's Motion to Strike paragraph 8 of the Defendant's Motion to Dismiss and for Sanctions [DE 16], and (3) the Defendant's latest Motion for a Protective Order or to Stay Discovery pending the resolution of the Motion to Dismiss [DEs 31 & 32]. The Court has considered all the Motions and the pertinent portions of the record and is otherwise fully advised in the premises.

    Plaintiff Mainstreet One Financial Plaza, Ltd. ("Mainstreet" or "Plaintiff") owns One Financial Plaza, a commercial office building located in downtown Fort Lauderdale, Florida. Hurricane Wilma severely damaged this building back in October, 2005. The damage was so grave that Mainstreet exhausted the coverage under its primary insurance policy and had to look to its excess insurer, Axis Surplus Insurance Company, the Defendant, ("Axis" or "Defendant")

for the remaining losses. Axis, for reasons beyond the scope of the issue at hand, challenged the claimed coverage. Plaintiff eventually filed suit in state court, which Axis removed to this Court.

Defendant Axis now wants this Court to Dismiss Counts I and III, and in lieu, compel appraisal per the parties' contract. The Plaintiff responds that the Defendant cannot invoke the appraisal clause, reasoning that the demand for appraisal is untimely under the 60-day limitation clause in the contract—more specifically, that the contract precludes either party from making an arbitration demand 60 days after the Proof of Loss is given; Plaintiff Maintstreet claims that the Defendant made its arbitration demand more than 60 days after the Proof of Loss was submitted. Defendant Axis retorts by arguing that the submitted Proof of Loss was only a "preliminary" proof of loss, and thus would not trigger the 60-day limitation clause. Both parties point to correspondences and declarations to support their positions, essentially admitting that this issue goes beyond the four corners of the complaint.

In deciding a motion to dismiss, a plaintiff's claim should not be dismissed "for failure to state a claim unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts" that would entitle plaintiff to relief. *Conley v. Gibson* 355 U.S. 41, 45 (1957). Furthermore, a court can only examine the four corners of the complaint. *Crowell v. Morgan Stanley Dean Witter Services, Co., Inc.*, 87 F. Supp.2d 1287 (S.D. Fla. 2000). Importantly, the court must accept a plaintiff's well pled facts as true and construe the complaint in the light most favorable to plaintiff. *Scheur v. Rhodes* 416 U.S. 232 (1974).

A careful analysis in this case reveals that Defendant Axis may be time-barred from demanding the appraisal upon which it bases its Motion to Dismiss. The Court, however, will refrain from making that finding at this stage. Nonetheless, Defendant Axis has convinced the

Court that there exists a heated debate as to the appraisal issue, which debate is resolvable only by looking beyond the four corners of the complaint.  This state of affair does not justify dismissal.  Therefore, the Court hereby

**ORDERS and ADJUDGES** as follows:

1. The Defendant's Motion to Dismiss Counts I and III and Compel Arbitration Instead [DE 4] is **DENIED** *with prejudice*.

2. The Plaintiff's Cross Motion for Summary Adjudication of the Arbitration Issue [DE 13] is **DENIED**.

3. The Plaintiff's Motion to Strike paragraph 8 of the Defendant's Motion to Dismiss and for Sanctions [DE 16] is **DENIED**.

4. The Defendant's Motion for a Protective Order or to Stay Discovery pending the resolution of its Motion to Dismiss [DEs 31 & 32] are **DENIED** *as moot*.

**DONE AND ORDERED** in Chambers, Miami, Florida, this 27th day of June, 2007.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Stephen T. Brown*
*Counsel of Record*