UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 07-60232-CIV   COOKE/BROWN

MAINSTREET ONE FINANCIAL PLAZA
LTD., a Florida Limited Partnership,

    *Plaintiff*,

v.

AXIS SURPLUS INSURANCE COMPANY,
a Delaware corporation,

    *Defendant*.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO STRIKE

**THIS CAUSE** is before the Court upon Defendant's Motion to Strike [DE 6], filed February 22, 2007. Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a party may move to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" within the pleadings. Fed. R. Civ. P. 12(f). The court enjoys broad discretion in determining whether to grant or deny a motion to strike. *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F.Supp. 992, 1000 (M.D.Fla .1976). However, "[p]artly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts ... It is a drastic remedy to be resorted to only when required for the purposes of justice, ... when the pleading to be stricken has no possible relation to the controversy." *Augustus v. Bd. of Public Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir.1962) (internal quotation marks and citation omitted).[1] In other

---

[1] Pursuant to *Bonner v. Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981), all decisions of the former Fifth Circuit rendered prior to October 1, 1981, are binding precedent upon this Court.

words, a court will not grant this remedy unless the "challenged allegations have no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F.Supp. 574, 576 (M.D.Fla.1995). *See Poston v. American President Lines, Ltd.*, 452 F.Supp. 568, 570 (S.D. Fla. 1978).

In the present action, the Defendant moves to strike paragraphs 15, 16, and 30 of the Complaint on the grounds that they are immaterial and prematurely aver allegations of bad-faith.

The Defendant claims that paragraphs 15 and 16 serve only to provide general background about Hurricane Wilma, and as such, are immaterial to this case. The Court must disagree, however, because this case is precisely about Hurricane's Wilma's devastation upon the Plaintiff's property. A certain level of background is certainly material to the action.

The Defendant goes on to claim that paragraph is 30 improper because it prematurely raises bad-faith allegations by averring that the Defendant has used delay tactics to breach the contract in question. The Court, again, cannot agree. Paragraph 30 is not amenable to striking as it provides context for the breach claim.

For the reasons foregoing, the Court has concluded that Defendant's Motion reaches beyond the scope of Rule 12(f), and is not grounded in sound, supporting facts. Accordingly, the Court hereby

**ORDERS AND ADJUDGES** that the Defendant's Motion to Strike [DE 6] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of August, 2007.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Stephen T. Brown*
*Counsel of Record*